UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:22-cv-00069-LLK

**KURT GRUBAUGH,** *et al*,  **PLAINTIFFS,**

v.

**USAA CASUALTY INSURANCE**  **DEFENDANT**
**COMPANY,**

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on Defendant USAA's motion for declaratory judgment, to which Plaintiffs responded in opposition, and Defendant replied. [DN 25, 31, 34]. Defendant asks the Court to "declare that it has no duty to provide underinsured motorist coverage to the Plaintiffs, and respectfully requests dismissal of the Plaintiffs' Complaint as a matter of law." [DN 25]. The parties consented to the jurisdiction of the undersigned Magistrate Judge to enter final judgment in this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 11].

For the reasons below, the Court will GRANT the motion at Docket Number 25 and enter a final judgment in favor of USAA.

**BACKGROUND**

Plaintiffs Kurt Grubaugh and his minor son, C.G., were injured in a car accident in Illinois on June 30, 2019. The tortfeasor paid out the $1,000,000 to the injured parties, which included Grubaugh, his minor son, and others. Plaintiffs, through counsel, contacted USAA Casualty Insurance Company, their auto policy provider, regarding the settlement with the tortfeasor and their intention to seek an underinsured motorist (UIM) claim. USAA denied the

claim. Plaintiffs filed suit against USAA in Trigg Circuit Court on April 14, 2022. Defendant USAA removed to this Court on May 27, 2022.

Plaintiffs moved from Georgia to Fort Campbell, Kentucky, in October 2013. Katherine Grubaugh, the auto policy holder, updated the mailing address for their auto policy online and purchased a separate renter's insurance policy for the Kentucky address. In July 2015, the Grubaughs purchased a home in Cadiz, Kentucky, and obtained a homeowner's policy for that property.

The car accident took place on June 30, 2019. [DN 25-3] at 185. Counsel for Plaintiffs informed USAA that Plaintiffs settled with the tortfeasor and that Plaintiffs intended to file a UIM claim on October 5, 2020. [DN 25-5]. On March 1, 2021, USAA reminded Plaintiffs' counsel that Plaintiffs had a Georgia auto policy. [DN 25-10]. Plaintiffs then submitted a formal demand to USAA on July 6, 2021. [DN 25-7]. USAA requested a copy of the lawsuit the plaintiffs filed against the tortfeasor on August 26, 2021, to "protect the statute of limitations." [DN 25-8] at 254. On September 20, 2021, Plaintiffs informed USAA that a lawsuit was not filed and that Plaintiffs settled for policy limits. [DN 25-8] at 255.

According to Plaintiffs, "USAA knew where the Plaintiff's vehicles where [sic] located and that they should have been covered by a Kentucky auto policy" so Kentucky's UIM coverage should be available to them. [DN 31] at 301. According to Defendant USAA, "Plaintiffs had moved from Georgia to Kentucky . . . several years before the June 30, 2019 accident occurred, but did not update their personal automobile insurance policy to a Kentucky policy" so "the Kentucky requirements are not applicable herein as the Plaintiffs' USAA policy was a Georgia auto policy." [DN 25-1] at 161.

**STANDARD OF REVIEW**

In determining a motion for declaratory judgment, this Court applies a summary judgment standard of review. *Hill v. State Farm Mut. Auto. Ins. Co.*, 939 F. Supp.2d 754 (E.D. Ky. 2013), *vacated in part*, No. 10-241-GFVT, 2014 WL 24169 (E.D. Ky. Jan. 22, 2014). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**ANALYSIS**

**Application of Georgia or Kentucky Law to the Policy**

The Sixth Circuit has held that "[a] federal court sitting in diversity must apply the choice-of-law rules of the forum state*," Union Home Mortg. Corp. v. Cromer*, 31 F.4th 356, 366 (6th Cir. 2022) (citing *Klaxon Co. v. Stentor Elect. Mfg. Co.*, 313 U.S. 487, 496-97 (1941)), which here, is Kentucky. In general choice-of-law matters, "Kentucky courts have an extremely strong and highly unusual preference for applying Kentucky law even in situations where most states would decline to apply their own laws." *Osborn v. Griffin*, 865 F.3d 417, 443 (6th Cir. 2017). This means that "Kentucky courts have apparently applied Kentucky substantive law whenever possible." *Harris Corp. v. Comair, Inc.*, 712 F.2d 1069, 1071 (6th Cir. 1983) (citing *Wessling v. Paris*, 417 S.W.2d 259 (Ky. 1967); *Arnett v. Thompson*, 433 S.W.2d 109 (Ky. 1968); *Foster v. Leggett*, 484 S.W.2d 827 (Ky. 1972)).

As this Court has noted, Kentucky's choice-of-law, however, differs depending on the type of claim. *See, e.g., Boling v. Prospect Funding Holdings, LLC*, No. 1:14-cv-00081, 2016

WL 1611383, at *3 (W.D. Ky. Apr. 21, 2016). In Kentucky, "[t]he applicable choice-of-law rule here depends upon the classification of the case as one sounding in tort or contract." *Miller Truck Lines, LLC v. Cent. Refrigerated Serv., Inc.*, 781 F. Supp.2d 488, 491 (W.D. Ky. 2011) ("Kentucky courts utilize a 'significant contact' test for tort cases, but a 'most significant relationship' test for contract cases."); *Saleba v. Schrand*, 300 S.W.3d 177, 181 (Ky. 2009) ("Kentucky has ample case law explaining that the 'any significant contacts' test applies to tort actions, whereas the Restatement's 'most significant contacts' test applies to contract disputes.")

The Eastern District of Kentucky has recognized, as noted by the Supreme Court of Kentucky, that a claim for UIM benefits is a dispute in contract, so the most significant relationship test applies. *Georgel v. Preece*, No. 13-57, 2014 WL 5500404, at *4–5 (E.D. Ky. Oct. 30, 2014); *Petro v. Jones*, No. 11-151, 2013 WL 756756, at *6 (E.D. Ky. Feb. 27, 2013); *State Farm Mut. Auto. Ins. Co. v. Hodgkiss-Warrick*, 413 S.W.3d 875 (Ky. 2013)).

According to the Sixth Circuit, the "most significant relationship" test means that a court must consider "'the place or places of negotiating and contracting; the place of performance, the location of the contract's subject matter; and the domicile, residence, place of incorporation and place of business of the parties.'" *Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x. 562, 572 (6th Cir. 2019) (quoting *Hodgkiss-Warrick*, 413 S.W.3d at 878-79).

In *Lewis v. American Family Insurance Group*, the Supreme Court of Kentucky considered an uninsured motorist insurance policy claim and applied Indiana law rather than Kentucky law. 555 S.W.2d 579 (Ky. 1977). The court reasoned that "[t]he validity of a contract of . . . casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy." *Id.* at 582. The Kentucky Supreme Court in *Lewis* found that "[b]ecause the

4

insurance contracts in this case were entered into in Indiana between Indiana parties and concerned automobiles which were licensed and garaged in Indiana, we are of the opinion that Indiana law should govern the rights and liabilities of the parties under these contracts." *Id.* at 582.

As noted by the Supreme Court of Kentucky, "[c]ourts will not disregard the plain terms of a contract between private parties on public policy grounds absent a clear and certain statement of strong public policy in controlling laws or judicial precedent." *State Farm Auto. Ins. Co. v. Hodgkiss-Warrick*, 413 S.W. 875, 880 (Ky. 2013). "With respect to casualty insurance contracts in particular, a key factor is the expectation of the parties concerning the principal location of the insured risk." *Id*. at 879.

The Court finds the Eastern District of Kentucky's analysis and application of Kentucky choice-of-law in *Flint v. Liberty Insurance Corporation* helpful. 613 F. Supp.2d 899 (E.D. Ky. 2009). In *Flint*, the plaintiff owned property in Indiana and in Kentucky. *Id.* at 900. He purchased Kentucky auto insurance for one vehicle and Indiana auto insurance for another vehicle. *Id.* One "policy was written in Kentucky because the Yukon was registered in Kentucky, garaged at Flint's Louisville home, and Flint held a Kentucky driver's license at the time." *Id*. Plaintiff then bought a second vehicle, and that insurance "policy was written in Indiana because the Sierra was registered in Indiana, Flint held an Indiana driver's license, and Flint requested an Indiana policy, in part, to save money." *Id*. Plaintiff Flint filed a declaratory judgment action with the court. The parties disagreed whether the plaintiff's insurance policy was controlled by Kentucky law or Indiana law. *Id*. at 901. The court found that "[u]nder Kentucky's choice of law rules, Indiana law applies to the parties' dispute over the maximum amount of UIM benefits available to Plaintiff" for the vehicle with the Indiana policy. *Id.* at 903.

In the case before this Court, Plaintiffs argue that because they changed their mailing address to a Kentucky address and sought a separate homeowner's policy in Kentucky, "there can be no argument that both the Plaintiffs and USAA new [sic] that the vehicles were located in Kentucky. USAA's own policy shows the location where they were being garaged." [DN 31] at 302.

However, the auto policy was written as a Georgia policy and the policy states that "[t]he Vehicle(s) described herein is principally garaged at [the Kentucky mailing address] unless otherwise stated" and then immediately states that both vehicles are garaged in Evans, Georgia. [DN 25-6]. With respect to the casualty insurance contract in this case, the expected principal location of the insured risk, a key factor in the analysis, is Evans, Georgia. The policy was written as a contract for auto insurance coverage in Georgia. The accident happened in Illinois. Neither party has presented evidence that Plaintiff registered the vehicle in Kentucky.[1] Plaintiff owns a home in Kentucky and appears to reside in Kentucky, but Plaintiff's "state of residence alone does not resolve the issue." *Flint*, 613 F. Supp.2d at 901.

In this case, Georgia is the place of negotiating and contracting; Georgia is the location of the contract's subject matter because Plaintiff represented the vehicle was garaged there; and, although Plaintiff owns a home in Kentucky, Georgia is the location of the insured risk. Under Kentucky's choice-of-law rule, Georgia has the most significant relationship with the insurance contract so Georgia law applies.

---

[1] According to Kentucky's vehicle registration requirements, residents of Kentucky are required to register their vehicles in Kentucky and obtain a Kentucky driver's license. 601 KAR § 9:130(4); KRS § 186.010(12). Active-duty members of the armed forces stationed are not required to register their vehicle in Kentucky only if they maintain residency in the applicable home state. *Id.*

**Time Limitation Provision**

Defendant USAA asserts that Plaintiffs' suit for UIM benefits is untimely pursuant to the limitations provision in USAA's policy. [DN 25-1] at 162. According to USAA, Plaintiffs' claim is time-barred under Georgia law. This Court agrees.

Defendant correctly and candidly notes that "statutes of limitations are considered remedial and/or procedural within conflicts-of-laws rules for both Kentucky and Georgia." [DN 25-1] at 176. However, federal courts have found that contractual time limitations are substantive rather than procedural. *See e.g., Finch v. State Farm Fire & Cas. Co.*, 1986 WL 1363490, at *1 (11th Cir. June 12, 1986) ("Although a statute of limitations is normally procedural, a contractual provision for the period within which to bring a suit on the contract is substantive and makes compliance with the time period a condition precedent to the insured's right to recover."); *see also Gen. Elec. Credit Corp. v. Home Indem. Co.*, 309 S.E.2d 152, 156 (Ga. App. 1983) ("It is therefore logically undisputable that in determining which has application—rules of procedure and remedy versus rules of substance—we find that a statutory provision regarding contract terms is substantive as relating to the parties' rights and is not procedural as relating to the parties' remedies.").

***The claim is time-barred under Georgia law***

As Georgia law "should govern the rights and liabilities of the parties under these contracts," *Lewis v. v. Am. Fam. Ins. Grp.*, 555 S.W.2d 579, 582 (Ky. 1977), the Court will consider Georgia's UIM statutes and caselaw.

According to Georgia law,

> [i]f facts arise after an action has been commenced [against the tortfeasor] which create a reasonable belief that a vehicle is an uninsured motor vehicle [as defined in] this Code section and no such reasonable belief existed prior to the commencement of the action against the defendant, and the complaint was timely

served on the defendant, the insurance company issuing the policy shall be served within either the remainder of the time allowed for valid service on the defendant or 90 days after the date on which the party seeking relief discovered, or in the exercise of due diligence should have discovered, that the vehicle was uninsured or underinsured, whichever period is greater.

O.C.G.A. § 33-7-11(d).

The Eleventh Circuit recently noted that "[i]n Georgia, 'the general rule is that a plaintiff making a claim against a UMC [uninsured motorist carrier] must serve process upon the UMC within the same statute of limitation applicable to the uninsured motorist.' . . . The statute of limitations period for personal injuries is two years after the right accrued." *Durmic v. State Farm Mut. Auto. Ins. Co.*, No. 21-10829, 2021 WL 4142842, at *1 (11th Cir. 2021, Sept. 13, 2021) (quoting *Lewis v. Waller*, 637 S.E.2d 505, 510 (Ga. Ct. App. 2006)) (citing O.C.G.A. § 9-3-33).[2] Additionally, "[i]f the defendant was not served in the original suit, the original action is void and not subject to renewal after the statute of limitations has run." *Id*. (citing *Jenkins v. Keown*, 830 S.E.2d 498, 500–01 (Ga. Ct. App. 2019)).

According to the USAA policy,

> Under Part C - Uninsured Motorists Coverage, no action can be brought against us for any claim involving an uninsured motor vehicle unless the action is brought within:
> 1. Two years from the date of the accident; or
> 2. One year from the date that the covered person is aware or should have been aware of a claim for which coverage would apply; whichever is later.

[DN 25-6], at 242.

Defendant USAA notes that Plaintiffs informed USAA of their intent to pursue a UIM claim on October 5, 2020. [DN 25-5]. USAA correctly notes that October 5, 2020 is the latest date that Plaintiffs could claim as the date "that the covered person [was] aware or should have

---

[2] Georgia requires that a plaintiff "must serve process upon the UMC within the same statute of limitation applicable to the uninsured motorist." Georgia's limitation period for personal injuries is two years. The car accident at issue in this case happened in Illinois, which also has a two-year limitation. 735 ILCS § 5/13-202.

been aware of a claim for which coverage would apply." [DN 25-1] at 175. One year from October 5, 2020, is October 5, 2021. The plaintiffs, however, filed a lawsuit against USAA on April 14, 2022.

Alternatively, the plaintiffs could have brought an action two years from the date of the accident. The plaintiffs could have filed before June 30, 2021 but did not do so.

***Application of Georgia law does not violate Kentucky public policy***

As noted by the Sixth Circuit, "Kentucky has concluded that '[j]ustice, fairness and the best practical result may best be achieved by giving controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation.'" *Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x. 562, 575 (6th Cir. 2019) (quoting *Breeding v. Mass. Indem. & Life Ins. Co.*, 633 S.W.2d 717, 719 (Ky. 1982). The Supreme Court of Kentucky considered a public policy argument in a choice-of-law case where the court found that Pennsylvania law controlled. *State Farm Mut. Auto. Ins. Co. v. Hodgkiss-Warrick*, 413 S.W.3d 875. The Kentucky Supreme Court held, and the Sixth Circuit noted, that "Kentucky law did not require underinsured motorists' coverage, and so [not applying Kentucky's usual UIM coverage rules] did not rise to the level of public policy." *Boling*, 771 F. App'x. at 576; *Hodgkiss -Warrick*, 413 S.W.3d at 880–87.

Plaintiffs argue that "[t]he two year limitation contained in the auto policy is less than the Kentucky rule." [DN 31] at 304. Plaintiffs may be correct in their argument. However, according to the Kentucky Court of Appeals, "[a]lthough a provision limiting UIM coverage in an insurance contract entered into in Kentucky by Kentucky parties might be found to be unenforceable as against Kentucky public policy, a different standard is applied to the terms of a

9

valid out-of-state contract." *Longstreath v. Am. Fam. Ins. Co.*, No. 2021-CA-1172-MR, 2022 WL 2542231, at *3 (Ky. Ct. App. July 8, 2022) (*Longstreath* is an unpublished opinion concerning the amount of coverage, not a time limitation). As explained *supra*, the policy before the Court is an out-of-state policy.

Clearly, Plaintiffs' claim for UIM benefits is untimely under Georgia law and application of Georgia law does not violate Kentucky public policy.

**Fraud or Misrepresentation**

Finally, Defendant USAA argues that Plaintiffs are ineligible for UIM coverage because they knowingly concealed and misrepresented a material fact, here, that their vehicles were garaged in Georgia and thus eligible for a Georgia automobile policy (and presumably, Georgia automobile insurance rates), when they were, in fact, garaged in Kentucky. According to the policy,

> We do not provide any coverage under this policy for any person who has knowingly concealed or misrepresented any material fact or circumstance relating to this insurance:
> 1. At the time application was made; or
> 2. At any time during the policy period; or
> 3. In connection with the presentation or settlement of a claim.

[DN 25-6] at 242.

***The claim for UIM benefits is not recoverable based on the material misrepresentation***

Because Georgia law applies to this insurance policy, the Court considers the misrepresentation under Georgia law. According to Georgia's statute,

> (b) Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:
>     . . . .
>     (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
>     (3) The insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an

> amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.

O.C.G.A. § 33-24-7(b).

According to Georgia caselaw, "to prevail upon a claim under O.C.G.A. § 33–24–7(b)(2), [an insurer] must prove that (1) a false statement, either a misrepresentation, omission or incorrect statement of facts, was made by the applicant for insurance and (2) the misrepresentation was material because it changed 'the nature, extent, or character of the risk.'" *Perkins v. Am. Int'l Specialty Lines Ins. Co.*, 486 B.R. 212, 217–18 (N.D. Ga. 2012) (quoting *Nappier v. Allstate Ins. Co.*, 766 F. Supp. 1166, 1168 (N.D. Ga. 1991)).

"With regard to the first element, [the insurer] need not prove that [insured] made the statement with intent to deceive or even knowledge of its falsity when making the statement. The statement must be objectively false and the subjective belief of the insured is not the issue." *Id.* "A material misrepresentation is one that would influence a prudent insurer in deciding whether to assume the risk of providing coverage." *Id.* at 218 (quoting *Nappier v. Allstate Ins. Co.*, 961 F.2d 168, 179 (11th Cir. 1992)). In order to prevail under O.C.G.A. § 33–24–7(b)(2), [an insurer] must also prove that that the statement was material because it changed 'the nature, extent, or character of the risk.'" *Id.* at 218 (quoting *Nappier*, 766 F. Supp. at 1168).

Plaintiffs argue that USAA knew or should have known, based on the change of mailing address and the homeowner's policy in Kentucky, that Plaintiffs' vehicles were garaged in Kentucky. However, according to Georgia statue, "an insurer shall be entitled to rely upon all statements, declarations, and representations made by an applicant for insurance relative to the insurable interest which such applicant has in the insured; and no insurer shall incur any legal

11

liability except as set forth in the policy, by virtue of any untrue statements, declarations, or representations so relied upon in good faith by the insurer." O.C.G.A. § 33-24-6(c).

In the matter before this Court, Plaintiffs' misrepresentation makes UIM benefits unrecoverable under *Perkins*. 486 B.R. at 218. As indicated by their policy, Defendant USAA would not have provided a Georgia auto policy, with Georgia rates and Georgia coverage, to a car garaged in Kentucky. The misrepresentation was material to USAA's acceptance of the risk. Under the terms of the policy and Georgia statute, Plaintiff bore the burden of informing USAA that the vehicles were garaged in Kentucky.

***Application of Georgia law does not violate Kentucky public policy***

The Court, again, considers the fraud/misrepresentation argument in the context of Kentucky public policy and again finds that application of Georgia law does not violate Kentucky public policy. In *Casey v. AllState Property and Casualty Insurance Company*, this Court found that "[m]aterial or fraudulent misrepresentations, even if innocently made, in an application for an insurance policy bar recovery on the policy." No. 5:09-cv-107, 2010 WL 2044618 (W.D. Ky. May 21, 2020 (citing *Ky. Cent. Life Ins. Co. v. Combs*, 432 S.W.2d 415 (Ky.1968); *Globe Indem. Co. v. Daviess*, 47 S.W.2d 990, 994 (Ky.1932)). The relevant Kentucky statute bears similarities with the Georgia misrepresentation statute. KRS § 304.14-110. ("Misrepresentations, omissions, and incorrect statements shall not prevent a recovery under the policy or contract unless either: . . . (2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or (3) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with

respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.")

**CONCLUSION**

The Court finds that Plaintiffs' USAA auto policy is a Georgia policy, Georgia law applies to the policy, and under Georgia law, the claim for UIM benefits is both time-barred and not recoverable based on the material misrepresentation regarding where the covered vehicles were garaged. The Court finds that Plaintiffs are not entitled to underinsured motorist coverage under the applicable USAA policy.

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's motion for declaratory judgment [DN 25] is **GRANTED**. A judgment consistent with this opinion will be entered. This is a final and appealable Order, and there is no just cause for delay.

July 5, 2023

**Lanny King, Magistrate Judge**
**United States District Court**